IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Cassidy,          ) | C/A No. 1:13-821-JFA-SVH |
|                           ) | |
|           Plaintiff,      ) | |
|     v.                    ) | ORDER |
|                           ) | |
| Carolyn W. Colvin, Commissioner of  ) | |
| Social Security,          ) | |
|                           ) | |
|           Defendant.      ) | |
| _____ ) | |

The plaintiff, Timothy Cassidy, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she opines that the court cannot conduct a proper review of the Commissioner's decision based on the record presented and thus, the Commissioner's decision should be reversed and remanded for further administrative action. Specifically, the Magistrate Judge opines that remand is required so that the Administrative Law Judge (ALJ) can consider Dr. Lee's opinion in accordance with 20 C.F.R. § 404.1527(c)(2) and SSR 96-2p. The Magistrate Judge also recommends that on remand the ALJ should specifically address the alleged side effects of plaintiff's medications and how they impact his residual

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

functional capacity (RFC). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on March 10, 2014. The Commissioner has responded indicating that it will not file objections to the Report and Recommendation.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied, *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, the plaintiff's objections and the Commissioner's notice that it will not file objections, this court finds that the Report is proper and is incorporated herein by reference.

Accordingly, the Commissioner's decision is reversed and remanded for further review as set out in the Magistrate Judge's Report and Recommendation and this order.

IT IS SO ORDERED.

March 18, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge